NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDELL HATTER, | No.   18-55692 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00616-AG-GJS |
| v. | |
| DANIEL DYER, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 10, 2019**
Pasadena, California

Before:  O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

Plaintiff-Appellant Claudell Hatter raises three issues on appeal.  First, he

contends that the district court erred when it granted summary judgment in favor of

Defendant-Appellee Daniel Dyer.  Second, he claims the district court abused its

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion in refusing to consider a declaration he filed in opposition to Dyer's motion for summary judgment. Third, he argues the district court abused its discretion in denying his request to stay its summary judgment ruling under Rule 56(d) of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hatter was housed at the Los Angeles County Men's Central Jail ("Men's Central Jail"). He claims that, while housed there, he was exposed to toxic mold and suffered physical injuries as a result. He sued Dyer, a sheriff captain stationed at the jail, in his individual capacity under 42 U.S.C. § 1983 for allegedly violating his Eighth and Fourteenth Amendment rights. After discovery closed, Dyer moved for summary judgment, which the district court granted.

1. *Summary Judgment*. Reviewing de novo, *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016), we conclude that Hatter failed to raise a triable issue of fact to survive summary judgment. None of the evidence he submitted, even assuming its admissibility, established that he suffered a constitutional violation.

*First*, Hatter did not show that he was "incarcerated under conditions posing a substantial risk of serious harm"—the first prong of an Eighth or Fourteenth Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Dr. Walters's declaration, for example, did not explain how he concluded that

2

Hatter had high levels of toxic mold in his system. This omission was fatal given that the only laboratory report Hatter filed ultimately contradicted Dr. Walters's assertions.[1] Similarly, neither Hatter's deposition testimony nor the declaration filed by Steven Irvin, another inmate at the Men's Central Jail, established that Hatter was exposed to toxic mold.

*Second*, Hatter failed to show that Dyer was "deliberately indifferent" to or acted with "reckless disregard" for Hatter's health and safety—the second prong of an Eighth or Fourteenth Amendment violation. *See Farmer*, 511 U.S. at 834 (deliberate indifference); *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (reckless disregard). The only evidence in support of this claim came from Irvin's declaration, which contained only conclusory or irrelevant statements.

Because we conclude Hatter failed to present any evidence to support his constitutional claims, we need not decide whether Dyer is entitled to qualified immunity.

2. *Refusal to Consider Irvin's Declaration*. We disagree with Hatter's contention that the district court abused its discretion in refusing to consider Irvin's

---

[1] The "Allergen Report," which tested for various molds, stated that mold was absent or at undetectable levels in Hatter's system. *See* Exhibit Allergen Report Showing Mold Levels in Plaintiff (Dkt. No. 113-1), *Hatter v. Dyer*, No. 14-cv-616-AG (Mar. 19, 2018). The only exception was for "Aspergillus fumigatus (M3) IGE," which was deemed to be at a very low level. Nothing in the record suggests that this mold was toxic.

declaration. *See Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2006). First, the district court *did* consider it and nonetheless reasoned it was mostly irrelevant. *See* Order Regarding Defendant's Motion for Summary Judgment (Dkt. 114), *Hatter v. Dyer*, No. 14-cv-616-AG, at *3 (Mar. 19, 2018). We agree. Furthermore, the district court was well within its discretion to exclude the evidence because Hatter failed to disclose Irvin as a witness before he filed Irvin's declaration. *See* Fed. R. Civ. P. 26(a)(1)(A)(i); Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001).

3. *Rule 56(d) Motion*. The district court also did not abuse its discretion in denying Hatter's motion to stay the summary judgment motion under Rule 56(d). *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Hatter did not file an affidavit with his motion, identify facts essential to justify his opposition, or contend that those facts existed—all of which are necessary to request a stay under Rule 56(d). *See* Fed. R. Civ. P. 56(d); *Family Home & Fin. Ctr.*, 525 F.3d at 827 ("Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment.") (quotation marks omitted).[2]

**AFFIRMED**.

---

[2] Because we affirm, we need not reach Hatter's request that this case be reassigned to another district judge.

4